STATE BAR GRIEVANCE ADMINISTRATOR v HAYNES

Docket No. 61934. Argued May 30, 1979 (Calendar No. 2).—Decided July 26, 1979.

William D. Haynes was reprimanded by the State Bar Grievance Board for delay in paying to a client funds from the settlement of a workers' disability compensation claim. The respondent appeals. *Held:*

The record shows a delay of one year in the payments from the respondent's escrow account of $50 which he admittedly owed the client and $400 which he paid to her physician. The client was entitled to the $400 as well, either to reimburse her for money paid to her physician, as the client alleged she had done, or to pay any claim the doctor had against her. The physician-patient relationship and the physician's testimony that he would not have billed her for the full amount of his medical services were personal and unrelated to the respondent's legal services for the client in settling the workers' disability compensation claim. On this record, the payments made out of the escrow account were not prompt, as required by the Code of Professional Responsibility. There is no error.

Affirmed.

*Louis Rosenzweig,* counsel for Grievance Administrator.

*Haynes & Donnelly, P.C.,* for respondent.

PER CURIAM. William D. Haynes has been reprimanded by the State Bar Grievance Board for the manner in which he handled money he received from American Airlines as a result of his representation of Mrs. Eleanor Robinson in a workers' disability compensation claim against American Airlines. He appeals, and we affirm.

Mr. Haynes and counsel for American Airlines negotiated a redemption agreement for Mrs. Rob-

inson's claim. In accordance with the agreement, American Airlines issued the following checks:

1) one dated May 30, 1975, payable to Mr. Haynes for $2,055, representing his attorney fee;

2) one dated June 11, 1975, payable to Mrs. Robinson for $11,445, representing her benefits;

3) two dated June 11, 1975, payable to specific medical care providers; and

4) one dated June 11, 1975, payable to the firm of Haynes and Donnelly for $752.35.

Mr. Haynes testified that this last check, at issue here, was deposited in his firm's escrow account and the money eventually was transferred to the firm's general account. The $752.35 was to be distributed as follows:

1) $302.35 to Kirwood General Hospital, on Mrs. Robinson's behalf;

2) $50 to Mrs. Robinson, to reimburse her for money she paid directly to Kirwood; and

3) $400 to Dr. Oscar Mitchell, to pay for his services to Mrs. Robinson.

The firm of Haynes and Donnelly paid Kirwood $302.35 on August 15, 1975. Mrs. Robinson claimed that the remainder should be paid directly to her since she had paid Dr. Mitchell, her personal physician. When the matter was not resolved, she complained to the State Bar Grievance Board on March 11, 1976.

The controversy continued. Finally, on May 4, 1976, Mr. Haynes sent Mrs. Robinson a check for $50 and on June 21, 1976, Dr. Mitchell one for $400. As to the $50, Mr. Haynes explained, "I thought she was paid and she wasn't." He testified he had never received a bill from Dr. Mitchell. He first inquired on March 24, 1976, and then by telephone the two agreed with Mr. Haynes' suggestion that $400 settle Mrs. Robinson's complete bill

with him. He acknowledged that this occurred after he knew Mrs. Robinson claimed she owed Dr. Mitchell nothing. Dr. Mitchell valued his services to Mrs. Robinson at $2,000, but because she was a personal friend he had expected only $600. He never billed her, although he acknowledged she may have paid for some office calls: "I considered her to be a personal friend and if I hadn't received the money at all, I wouldn't have raised any Cain about it."

Counsel for American Airlines testified that if the amount to be paid health care providers could have been reduced by Mrs. Robinson's attorney, the amount by which they were reduced would go to the client.

Mr. Haynes was charged with violating Code of Professional Responsibility and Canons, DR 9-102(B)(4):

"(B) A lawyer shall:

\* \* \*

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

The record shows a delay of one year in the payment of the $50 admittedly owed to Mrs. Robinson. She was entitled to the $400 as well, either to reimburse her for money paid to Dr. Mitchell as she claimed or to pay any claim the doctor had against her, the physician-patient relationship and the amount allegedly owing Dr. Mitchell here being personal and unrelated to Mr. Haynes' professional services for Mrs. Robinson. On this record, Mr Haynes' 1976 payments were not "prompt".

We find no error in the record before the board and affirm. Costs to the Grievance Administrator.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.